**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

In the Matter of the                    :
**FORT TOTTEN METRORAIL CASES**
Arising Out of the Events of June 22, 2009:


**LEAD CASE: Jenkins v. Washington**        :
**Metropolitan Area Transit Authority, et al.**          **Case No. 10 MC 314 (RBW) (JMF)**
                                        :
**THIS DOCUMENT RELATES TO**
**ALL CASES**                            :


**PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT
OMNIBUS MOTION IN LIMINE TO EXCLUDE LOSS OF PARENTAL SERVICES
CLAIMS BY PLAINTIFFS ON BEHALF OF NEXT OF KIN BENEFICIARIES WHO
ARE NOT CHILDREN OF DECEDENTS[1]**

Plaintiffs, by counsel, hereby oppose the joint omnibus motion in limine filed by

Defendants, which seeks to preclude selective next-of-kin beneficiaries from recovering

wrongful death damages for loss of care, guidance, attention and advice suffered as a result of

the death of their loved ones in the tragic Metro train crash that occurred on June 22, 2009, and

in support thereof submit this memorandum of points and authorities.

### INTRODUCTION

Defendants' request for such relief is predicated on the assertion that next-of-kin

beneficiaries, other than next-of-kin beneficiaries who are children, are precluded from

recovering damages for loss of services such as care, guidance, attention and advice under the

District of Columbia Wrongful Death Act, D.C. Code Ann. § 12-2701, et seq. (2011).  Case law

addressing this issue has involved death claims brought by children for the loss of a parent.

---

[1] Of course, beneficiaries who are not children would not claim loss of *parental* services.
Plaintiffs assume that defendants have titled their motion in this matter in an effort to bolster
their claim that only beneficiaries who are children can recover loss of guidance, advice,
attendance and support damages under the District of Columbia's Wrongful Death Act.  This
argument is belied by the language of the Act and the case law discussing it, as reflected herein.

Plaintiffs are unaware of any case law involving non-children beneficiaries who claim such losses from their deceased family member. Notwithstanding this, beneficiaries are beneficiaries and, as demonstrated *infra,* the law makes no distinctions among them.

The District of Columbia Wrongful Death Act contains no provision that deceased family members' next-of-kin <u>must</u> be children in order to assert damages for these losses. The Act imposes no limitations on the damages one class of beneficiaries is entitled to recover vis-a-vis other classes of beneficiaries. To create the restrictions argued by Defendants, this court would have to read absent words into the statute, adding limitations not provided by the legislature. This is impermissible under recognized canons of statutory interpretation. Moreover, defendants' suggested modifications run contrary to established case law defining the damages recoverable under the District of Columbia Wrongful Death Act.

For these reasons, and for other such reasons as are more fully set forth herein, plaintiffs respectfully request that defendants' motion be denied.

<u>Argument</u>

With respect to recovery for damages by a decedent's next-of-kin, the District of Columbia Wrongful Death Act provides, in pertinent part, as follows::

> The damages shall be assessed with reference to the injury resulting from the act, neglect or default causing the death, to the spouse or domestic partner and ***the next of kin*** of the deceased person and shall include the reasonable expenses of the last illness and burial. Where there is a surviving spouse or domestic partner, the jury shall allocate the portion of its verdict payable to the spouse or domestic partner and ***next of kin, respectively, according to the finding of damage to the spouse or domestic partner and next of kin.***

D.C. Code Ann. §2701 (2011)(emphasis added).

.

General principles of statutory construction frown on efforts to ignore the plain meaning

of a statute.  Consistent with this, courts are reluctant to add language to a statute the legislature

did not intend.  "We have stated time and again that courts must presume that a legislature says

in a statute what it means and means in a statute what it says there....When the words of a statute

are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' " *Conn.*

*Nat'l Bank v. Germain,* 503 U.S. 249, 253-53, 112 S. Ct. 1146, 117 L.Ed. 2d 391 (1992)(internal

citations omitted).   Here, defendants' interpretation of the Act would require the court to insert

the word "children" somewhere in the statute to validate the distinction they advance.  This

would effectively, and impermissibly, rewrite the statute. *See Lamie v. United States Trustee,*

540 U.S. 526, 537 (2004) (courts should not add an "absent word" to a statute: "there is a basic

difference between filling a gap left by Congress' silence and rewriting rules that Congress has

affirmatively and specifically enacted"). *See also, Himes v. Medstar-Georgetown University*

*Medical Center,* 753 F. Supp. 2d 89, 2010 U.S. LEXIS 126454 (2010), quoting *Conn. Nat'l*

*Bank, supra,* with approval.   It would be particularly odious to rewrite a remedial statute, such

as the Wrongful Death Act, to unfairly narrow its scope.  As Mr. Justice Cardozo said in

*VanBeeck v. Sabine Towing Co.,* 300 U.S. 342, 350-51, 57 S. Ct. 452, 456, 81 L.Ed. 685, "Death

statutes have their roots in dissatisfaction with the archaisms of the law...It would be a

misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the

very evils to be remedied."

Since its enactment, numerous courts in the District of Columbia, both Federal and local,

have delineated the damages allowed under the Wrongful Death Act.  There is **no** decision by

the D.C. Court of Appeals or the Federal courts in which damages for loss of services such as

care, guidance, or personal advice are restricted to selected beneficiaries.  To the contrary, the

Courts have repeatedly held that damages for these lost services are recoverable by *each*

beneficiary and/or *next-of-kin* of decedent, so long as they are properly supported by the

evidence.

> The Act provides a decedent's *'close relatives'* a cause of action to recover damages for 'the pecuniary benefits that [they] might reasonably be expected to have been derived from the deceased had he lived.' *Lewis v. Lewis*, 708 A. 2d, 2549, 251-52 (D.C. 1998) (quoting *Semler v. Psychiatric Institute of Washington, D.C., Inc.*, 575 F. 2d 922, 925, 188 U. S. App. D.C. 41 (D.C. Cir. 1978).  Under the Wrongful Death Act, pecuniary losses include both (1) 'the loss of financial support the decedent could have expected to provide the *next-of-kin* had he lived;' and (2) 'the value of lost services (e.g., care, education, training and personal advice).'  *Herbert v. District of Columbia*, 808 A.2d 776, 778, n.2, (D.C. 2002).

*Himes,* 753 F. Supp. 2d at 94.

> [The] Act creates a right in favor of the ***spouse and next of kin*** of a deceased person for damages arising out of a negligent act causing death. (citation omitted).  'It is designed to provide a remedy whereby *close relatives* of the decedent who might have expected maintenance or assistance from the deceased had he lived, may recover compensation commensurate with the loss sustained.' (citation omitted).  In addition to allowing recovery for pecuniary losses resulting from the loss of financial support the decedent could have been expected to provide his *next of kin*, recovery is allowed for the value of services including, e.g. ***loss of care, education, training, guidance and personal advice.***

*Hawkins v. D.C.,* 782 A.2d 293, 303 (D.C. 2001)(emphasis added).

> Two main elements form the basis for recovery under the Wrongful Death Act.  The first element compensates for pecuniary loss-calculated as the annual share of decedent's dependents in the decedent's earnings, multiplied by the decedent's work life expectancy, and discounted to present value.  The second element compensates for the value of the services ***lost to the family*** as a result of decedent's death. (citations omitted).

4

*Doe v. Binker*, 492 A.2d 857, 863 (D.C. 1985).

These cases demonstrate that there is simply no foundation in the law to support defendants' argument.  They seek an arbitrary denial of legally recoverable damages to deserving family members who they can only charitably define as "sub-classes" of beneficiaries. They do this despite the fact that no such sub-classes have been created and none are recognized under the law.  Neither the Act, established case law nor basic principles of justice would countenance such an argument.

Undaunted in finding no authority in the Act to advance their cause, defendants offer two alternate authorities in support of their proposition:  §14.05 of the Standardized Civil Jury Instructions for the District of Columbia and a myopic reading of *Himes v. Medstar-Georgetown University Medical Center*, *supra*.   Neither authority helps them.  To the contrary, both support plaintiffs' claims.

In their motion, defendants state that  "only children" are entitled to recover for "loss of care, education, guidance, counsel and advice" and that this theory is " made clear"  in the Standardized Civil Jury Instructions for the District of Columbia[.]"  *See* Defendants' Motion at p. 2.  Defendants argue that since loss of care, education, guidance, counsel and advice are specifically included in an optional instruction for cases involving children who have lost a parent, but not in the general instruction applicable to all beneficiaries, claims for these lost services must, as a matter of law, be confined to children.  *See* Defendants' motion at p. 2.

Even if one assumes defendants' interpretation of §14.05 of the Instructions is correct, something plaintiffs do not concede, clearly, standardized jury instructions are not "black letter law", nor are they absolute statements of binding precedent that the court must accept.  "[T]he

5

court must instruct the jury properly on controlling issues in the case, even though there has been

no request for an instruction or *the instructions are defective.*" *Pannu v. Washington Brain and*

*Spine Institute, P.C.,* 909 A.2d 178, 198 (D.C. 2006), quoting, *Management Sys. Assocs., Inc. v.*

*McDonnell Douglas Corp., 762 F.2d 1161, 1177 (4th Cir. 1985),* quoting 9 WRIGHT &

MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2556, at 654-55 (1997 ed.)).   Above

all, jury instructions must be legally correct.  "[T]he court [bears] the burden of tailoring [a]

requested instruction (and the opposition thereto) to meet the demands of an accurate and fair

statement of the law." *Id.*   Thus, assuming *arguendo,* that defendants are correct in their

interpretation of §14.05, it is not "an accurate and fair statement of the law" and must be

disregarded.

   In fact, §14.05 accurately provides that "each beneficiary" is entitled to recover the

"reasonable value of *any service* that the deceased would have provided....over their joint life

expectancies."  §14.05 Wrongful Death Damages, Standardized Civil Jury Instructions for the

District of Columbia. (emphasis added)  The types and amounts of services that can potentially

be provided are as variable as the next-of-kin beneficiaries entitled to claim their loss.  That

specific services are not enumerated or provided as examples, does not bar their recovery.  "In

wrongful death actions, 'the amount of damages to be awarded must be based largely on the

good sense and sound judgment of the jury...[and] all the facts and circumstances of the case...' "

*Doe v. Binker,* 492 A.2d at 864, quoting, *Rankin v. Shayne Brothers, Inc.,* 98 U.S. App. D.C.

214, 215-16, 234 F. 2d 35, 36-37 (1956).

   When a child loses a parent, it is a near certainty that the child will lose parental services

such as loss of guidance, support and advice.   An optional jury instruction covering this

situation is therefore useful and appropriate.  Other next-of-kin beneficiaries may or may not lose such services depending on the "facts and circumstances of the case." *Id.*  Certainly, it is not uncommon to see role reversals as parents and their children age, such that oftentimes the parent becomes the child and the child the parent.   In these circumstances, a parent's loss of a child can produce significant and substantial losses of services, including loss of guidance, care, attention and advice.   There are a myriad of other facts and circumstances wherein the death of a person causes significant losses of services to the decedent's next-of-kin.  When the evidence supports these losses, an appropriate instruction providing for their valuation and recovery is required.  *See, Pannu, 909 A. 2d , supra.*

*Himes* v. *MedStar Georgetown Medical Center, supra,* the only case cited by defendants, confirms plaintiffs' position.  In *Himes,* defendants moved to precluded the decedents adult children from recovering the value of lost services such as care, education, training and advice, arguing that these losses could only recovered by a decedent's minor children.   Judge Kollar-Kotelly rejected defendants' claim, stating:

> In conclusion, the Court finds that the cases Defendants rely upon do not support a more restrictive interpretation of the Wrongful Death Act than indicated by the Act's text.  The Act's text does not distinguish among potential beneficiaries on the basis of their age or whether they are seeking damages for lost parental services. *See* D.C. Code § 16-2701.  Instead, the Act defines the potential beneficiaries of a Wrongful Death Act claim so broadly so as to include 'next-of-kin.'  *Id.* § 16-2701(b).  To effectuate this fairly broad phrase, this Court must reject Defendants' efforts to impose a narrower definition of potential beneficiaries based on the age and the type of damages sought. *See Public Citizen,* 938 F.2d at 293 ('[I]f [the Legislature] has intentionally and unambiguously crafted a particularly broad, all-inclusive definition, it is not [a court's] function...to subvert that effect' (quoting *Heimann,* 589 F.2d at 533*)*).

*Himes,* 753 F. Supp. 2d at 98-99.

Plaintiffs ask this court to likewise "reject Defendants' efforts to impose a narrower definition of potential beneficiaries based on the age and the type of damages sought." The *Himes* court, did not, as defendants' suggest, limit claims for loss of care, guidance and advice to children because it "repeatedly referred to such damages as 'lost *parental* services.' " *See* Defendants' Motion at p. 2.(emphasis in original). The court referred to them as lost *parental* services because the facts in that case involved children who lost their parent. If the plaintiffs had been parents who had lost a son, the court would have referred to the lost services as lost *filial* services.

In sum, the law does not support the arbitrary, unjust limitations defendants seek to impose on the next-of-kin-beneficiaries who are not children of the decedents. Indeed, there are sound bases in law and fact which support these claims.

It is undisputed that the nine (9) people who died in this tragic event are survived by next-of-kin. Some are survived by children, some are not. All of the next of kin are beneficiaries under the D.C. Wrongful Death Act. As such, they are entitled to claim and put forth proof as to all damages recoverable under the Act, including damages for loss of guidance, support, care, attention and other such services provided and reasonably expected to have been provided to them had their family members not died. These losses are a significant part of the Wrongful Death claims and will be supported by sound evidence at trial.

Decedents' beneficiaries deserve, and are entitled to, their full rights of recovery in this action.[2]

---

[2] Defendants allege the Hawkins Plaintiffs "apparently conceded" in their Answers to Interrogatories that none of the Hawkins' beneficiaries relied on Dennis Hawkins. This is not true. The Interrogatory referenced by the Defendant requested that Plaintiffs itemize the lost services, and "where appropriate" identify any care, education, training, guidance and parental

## Conclusion

For the reasons set forth herein, plaintiffs respectfully request that this Court deny

Defendants' Joint Omnibus Motion in Limine to Exclude Loss of Parental Services Claims by

Plaintiffs on Behalf of Next of Kin Beneficiaries Who Are Not Children of Decedents.

Dated December 9, 2011.

Respectfully submitted,


/S/  Melissa Rhea
Jack H. Olender           #9563
Melissa Rhea              #367196
Jack H. Olender & Associates, P.C.
888 17th Street, N.W.,  4th Floor
Washington, D.C. 20006
Jhopc@olender.com
Mrhea@olender.com


/S/  David Haynes
David Haynes             #483119
Steve Annand             #480532
The Cochran Firm
1100 New York Avenue, NW
Suite 340, West Tower
Washington, DC 20005
DHaynes@CochranFirm.com
SAnnand@CochranFirm.com

---

advice." The Interrogatory requested an itemization of services. It will be the jury's role to itemize the value of the services.  Moreover, the question as phrased, after the words, "where appropriate" appeared to be directed to children. Since, there were no services which could be itemized, given this is the jury's function, and because Dennis Hawkins did not have any children, the Hawkins Plaintiffs answered "Not Applicable." Clearly, the complaint sets forth a proper cause of action for wrongful death, and Plaintiffs have never indicated an intent to abandon that claim.

/S/  Kim Brooks-Rodney
Kim Brooks-Rodney          #405477
Cohen & Cohen
1220 19th Street, N.W., Suite 510
Washington, D.C.  20036
kbr@cohenandcohen.net


/S/  Allan Siegel
Allan Siegel               #447705
Joseph Cammarata           #389254
Chaikin, Sherman, Cammarata, Siegel, PC
1232 17th Street, NW
Washington, DC  20036
siegel@dc-law.net
joe@dc-law.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   9th    day of December, 2011, a copy of Plaintiffs'

Joint Memorandum in Opposition to Defendants' Joint Omnibus Motion in Limine to Exclude

Loss of Parental Services Claims by Plaintiffs on Behalf of next of Kin Beneficiaries Who Are

Not Children of Decedents was electronically filed and served on counsel for all parties to this

action.


/S/  Melissa Rhea
Melissa Rhea               #367196

10